**Marvin G. HOLLIS, Plaintiff– Appellant,**

v.

**D. HERRICK; et al., Defendants– Appellees.**

**No. 10–15613.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2011.[*]

Filed July 5, 2011.

Marvin G. Hollis, pro se.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Emily L. Brinkman, AGCA–Office of the California Attorney General, San Francisco, CA, Emily L. Brinkman, for Defendants–Appellees.

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

MEMORANDUM **

California state prisoner Marvin G. Hollis appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging First Amendment retaliation and due process claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir.2010). We review for an abuse of discretion the district court's dismissal for failure to serve a summons in a timely manner. *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir.2001). We affirm in part, vacate in part, and remand.

The district court properly dismissed Hollis's retaliation claims against defendants Selby, Schlitz, and Rankin for failure to state a claim because the complaint contained only "labels and conclusions, and a formulaic recitation of the elements of [the] cause of action" and was not "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The district court dismissed Hollis's claims against defendant Herrick on the ground that the summons that the United States Marshal attempted to serve was

returned unexecuted. There is no indication in the record that the district court considered whether there was good cause for the failure to serve, or whether, absent good cause, an extension was warranted. *See* Fed.R.Civ.P. 4(m); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 & n. 2 (9th Cir.2003). Accordingly, we vacate and remand for the district court to consider these issues.

The district court also did not expressly address Hollis's allegations that he was denied his due process rights. We vacate and remand for the district court to consider this claim in the first instance.

Hollis's remaining contentions are unavailing.

We treat Hollis's motion for judicial notice as citation of supplemental authorities pursuant to Fed. R.App. P. 28(j).

Defendants shall bear the costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.